IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOU TYLER, | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CAUSE NO. 3:16-CV-2452-G-BK |
| | § | |
| OCWEN LOAN SERVICING LLC, et al., | § | |
|       Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil case was automatically referred to the United States Magistrate Judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not order the issuance of process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On August 23, 2016, Plaintiff filed a complaint against Defendants Ocwen Loan Servicing LLC and Deutsche Bank. Plaintiff claims that Defendants "do not legally own my title or Deed of Trust," and requests that "the Courts or Judge . . . require them to 'show me the Original note, AND NOT A ZEROX COPY, AND TO PROVE THIS ORIGINAL IS NOT A MANUFACTURED FRAUDULENT DOCUMENT!" Doc. 3 at 1. Plaintiff further asserts that "[i]f the bank or Ocwen, a collection agency, can't produce my original mortgage note, title or deed, then, . . . they don't have right to demand payment . . . [and] foreclose." Doc. 4 at 1.

Previously, in 2015, Plaintiff unsuccessfully disputed Defendants' ability to foreclose on her home, arguing that the action was barred by the statute of limitations and that Defendants fraudulently breached the parties' contract and Defendants' duty of good

faith and fair dealing.  See *Tyler v. Ocwen Loan Servicing, LLC, et al.*, 3:15-CV-1117-N-BK, 2015 WL 5326195 (N.D. Tex. 2015), recommendation accepted, 2015 WL 5398478 (N.D. Tex. 2015) (granting defendants' motion to dismiss).  And earlier this year, she brought two nearly identical actions, which were dismissed with prejudice as barred by res judicata.  *See Tyler v. Ocwen Loan Servicing, LLC, et al.*, 3:16-CV-1836-G-BF (N.D. Tex. 2016); *Tyler v. Ocwen Loan Servicing, LLC, et al.*, 3:16-CV-1698-L-BF (N.D. Tex. 2016).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff's claims are frivolous.

Plaintiff's assertion that the Defendants were required to produce the original loan documents to prove they could foreclose on her property implicate the widely debunked "show-

me-the-note" theory.  Advocates of that theory claim that "only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 253 (5th Cir. 2013).   In *Martins*, however, the United States Court of Appeals for the Fifth Circuit rejected the "show-me-the-note" theory as having no merit.  *Id.*  Recognizing that in Texas, the "existence of a note may be established by a 'photocopy of the promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note,'" and finding "no contrary Texas authority requiring production of the 'original' note," the Fifth Circuit held that an "original, signed note need not be produced in order to foreclose." *Id.*  Consequently, Plaintiff's claims in this case lack merit and should be dismissed *sua sponte* as frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to *sua sponte* dismissal with prejudice.  See *Brewster v. Dretke,* 587 F.3d 764, 767-768 (5th Cir. 2009) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'").  Here, based on the legal theory and facts Plaintiff posits, she cannot, as a matter of law, state a colorable legal claim.  Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

That notwithstanding, Petitioner will have adequate notice of the inadequacy of the complaint upon entry of this recommendation and the opportunity to respond or seek leave to amend during the 14-day objection period.  See *Brown v. Taylor*, ___ F.3d ___, 2016 WL 374s3037, *4 (5th Cir. 2016) (*sua sponte* dismissal with prejudice "is cabined by the requirements of basic fairness," and thus, unless dismissal is without prejudice or the plaintiff

has alleged his best case, the district court must give "the plaintiff notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond"); *cf. Magouirk v. Phillips,* 144 F.3d 348, 359 (5th Cir. 1998) (magistrate judge's recommendation provided adequate notice and reasonable opportunity to oppose *sua sponte* invocation of defense).

## IV. RECOMMENDATION

For the foregoing reasons, barring a curative amendment, Plaintiff's complaint should be summarily **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B).

**SIGNED** September 13, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE